UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| JACQUELINE SYLVESTER o/b/o W.D. | * | DOCKET NO. 05-2118 |
| VERSUS | * | JUDGE JAMES |
| COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION | * | MAGISTRATE JUDGE HAYES |

## REPORT AND RECOMMENDATION

Before the court is plaintiff's petition for review of the Commissioner of Social Security's denial of disability insurance benefits. The appeal was referred to the undersigned United States Magistrate Judge for proposed findings of fact and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). For the reasons assigned below, it is recommended that the decision of the Commissioner be **REVERSED** and **REMANDED** for further proceedings.

## BACKGROUND

On April 24, 2003, plaintiff, Jacqueline Sylvester, protectively filed her latest application[1] for Supplemental Security Income (SSI) benefits on behalf of her minor son, W.D. (claimant). (Tr. 21, 64-67).[2] Plaintiff alleged that her son has been disabled since birth, April 14, 1989, due to asthma, major depression, explosions, psychosis, hallucinations, mood swings, bi-polar disorder,

---

[1] The claimant had previously been awarded a period of disability from March 1, 1992, until August 1, 1997. (Tr. 22). However, the Appeals Council upheld a February 24, 1999, determination that the claimant was no longer disabled. *Id.* The ALJ determined that there were no grounds for reopening the prior decision. *Id.* A subsequent application filed in September 2000 was also denied. (Tr. 44-45, 48-51, 59-63, 75).

[2] The court refers to the minor by his initials in accordance with LR 5.82W and the E-Government Act of 2002.

and suicide attempts. (Tr. 65, 101). The claim was denied at the initial stage of the administrative process. (Tr. 46, 52-55). Accordingly, plaintiff requested, and received a November 17, 2004, hearing before an Administrative Law Judge ("ALJ"). (Tr. 245-275). A supplemental hearing was held on February 3, 2005, so that plaintiff could cross-examine a medical expert regarding her responses to written interrogatories issued by the ALJ. (Tr. 276-291). By decision dated April 9, 2005, the ALJ found that the claimant was not disabled under the Act. (Tr. 18-28). Plaintiff appealed the adverse decision to the Appeals Council. However, on November 8, 2005, the Appeals Council denied the request for review, and thus the ALJ's decision became the final decision of the Commissioner. (Tr. 4-6).

On December 7, 2005, Sylvester sought review before this court. She alleges the following errors:

1) the ALJ's finding that W.D. has no limitation in the domain of "caring for yourself" is not supported by substantial evidence;

2) the ALJ erred in failing to set forth any reasons for rejecting Dr. Gullapalli's opinion that the claimant's depression meets the requirements of Listing 112.04; and

3) the ALJ erred in failing to comply with the Commissioner's procedures in obtaining post-hearing evidence from a medical expert.

## STANDARD OF REVIEW

This court's standard of review is (1) whether substantial evidence of record supports the ALJ's determination, and (2) whether the decision comports with relevant legal standards. *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990). Where the Commissioner's decision is supported by substantial evidence, the findings therein are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's decision is not supported by substantial

2

evidence when the decision is reached by applying the improper legal standards. *Singletary v. Brown*, 798 F.2d 818 (5th Cir. 1986). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. at 401. While substantial evidence lies somewhere between a scintilla and a preponderance, substantial evidence clearly requires "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Muse v. Sullivan*, 925 F.2d 785, 789 (5th Cir. 1991). Conversely, a finding of no substantial evidence is proper when no credible medical findings or evidence support the ALJ's determination. *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988). The reviewing court may not reweigh the evidence, try the issues *de novo*, or substitute its judgment for that of the Secretary. *Greenspan v. Shalala*, 38 F.3d 232, (5th Cir. 1994).

## **LAW**

On August 22, 1996, Congress passed the Personal Responsibility and Work Opportunity Reconciliation Act of 1996, Pub.L. 104-193, 110 Stat. 2105, which amended 42 U.S.C. §1382c(a)(3). Pursuant to this law, a child under the age of eighteen is considered disabled for purposes of SSI benefits if "that individual has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §1382c(a)(3)(C)(I) (1997).

The regulations set forth a three-step process for a child seeking benefits. First, the ALJ must determine if the child is engaged in substantial gainful activity. 20 C.F.R. § 416.924. If the child is not so engaged, then the ALJ determines whether the child has a medically determinable impairment(s) that is severe. *Id*. An impairment(s) will not be deemed severe if it constitutes a "slight abnormality or a combination of slight abnormalities that causes no more than minimal

functional limitations." *Id.* Finally, an impairment(s) that is severe must also meet, equal, or functionally equal a listed impairment. *Id.*

## DISCUSSION

The ALJ determined that W.D. had not engaged in substantial gainful activity since the alleged onset date. (Tr. 22, 27). He further found that W.D. suffers from severe impairments of Conduct Disorder and Attention Deficit Hyperactivity Disorder ("ADHD"). (Tr. 11, 15). However, the ALJ concluded that these impairments neither met nor medically equaled a listed impairment. *Id.* Accordingly, he proceeded to consider whether W. D.'s impairments were functionally equal to a listed impairment.

The regulations provide that an impairment is functionally equivalent to a listed impairment if it results in an extreme limitation in one domain of functioning or marked limitations in two domains. 20 C.F.R. § 416.926a.[3] The domains include: (1) acquiring and using information, (2) attending and completing tasks, (3) interacting and relating with others, (4) moving about and manipulating objects, (5) caring for oneself, and (6) health and physical well-being. 20 C.F.R. § 416.926a(b).

---

[3] An "extreme" limitation is assessed when the impairment(s) interferes very seriously with the claimant's ability to independently initiate, sustain, or complete activities. 20 C.F.R. §416.926a(e)(3). Day-to-day functioning may be seriously limited when the impairment(s) limits only one activity or when the interactive and cumulative effects of the impairment(s) limit several activities. *Id.* An "extreme" limitation is equivalent to standardized test scores that are at least three standard deviations below the mean. *Id.*
    The term "marked" may be established when a claimant's impairments seriously interfere with the claimant's ability to independently initiate, sustain, or complete activities. 20 C.F.R. § 416.926a(e)(2). "Marked" limitation also refers to a limitation that is more than "moderate," but "less than extreme." *Id.* A "marked" limitation is equivalent to standardized test scores that are at least two, but less than three standard deviations below the mean. *Id.*

The ALJ determined that W.D. exhibited moderate limitations in the domains of "acquiring and using information" and "attending and completing tasks." (Tr. 24). He further found that claimant had a marked limitation of functioning in the "interacting and relating with others" domain. (Tr. 25-26). However, the ALJ found no limitations of functioning in the remaining domains. (Tr. 26-27). Because the claimant did not have two "marked" limitations or one "extreme limitation" of functioning, the ALJ concluded that W.D. did not have an impairment that functionally equaled any of the impairments listed in Appendix 1, Subpart P, of Regulation No. 4. (Tr. 27-28).

Plaintiff contends that the ALJ erred in failing to find that W.D. suffered a "marked" limitation in the domain of "caring for yourself." This domain considers how well the claimant maintains a healthy emotional and physical state, including: how well the claimant has his physical and emotional needs met in appropriate ways; how well the claimant copes with stress and changes to his environment; and whether he takes care of his health, possessions, and living area. 20 C.F.R. § 416.926a(k). A child must employ age-appropriate coping strategies to identify and regulate "feelings, thoughts, urges, and intentions." *Id*. The "caring for yourself" domain also requires the minor to recognize when he is ill, follow recommended treatment, take medication as prescribed, follow safety rules, respond to circumstances in safe and appropriate ways, know when to ask for help from others, and make decisions that do not endanger him. *Id*.

The instant record is replete with evidence that W.D. suffered more than a moderate limitation in this area. (Tr. 190, 192-193, 197-198, 223-227, 232-236). Indeed, the ALJ conceded that the claimant's family life was extremely difficult, and that it was impossible for W.D. to have his emotional wants and needs met in any fashion. (Tr. 26-27). However, as the court

5

understands the ALJ's decision, he determined that W.D. had no limitation in the domain of "caring for yourself" because he concluded that the functional limitation did not stem from W.D.'s medically determined impairments. (Tr. 23, 27). In reaching this decision, the ALJ relied on responses to interrogatories and testimony from a non-examining medical expert, Barbara Felkins, M.D. (Tr. 238-243, 276-291).[4] She opined that psychosocial issues were the cause of W.D.'s functional limitations. (Tr. 242). She further stated that in a stable and supportive environment, W.D. could conceivably have no disorder. (Tr. 243). Nonetheless, Dr. Felkins diagnosed ADHD, Conduct Disorder, and Neglect of Child. (Tr. 239).[5]

In contrast, W.D.'s treating physician, Aruna Gullapalli, M.D., diagnosed W.D. as suffering from major depression, single episode, without psychotic features. (Tr. 236). On October 18, 2004, Dr. Gullapalli completed a checklist indicating that W.D. experienced a marked limitation in his ability to satisfy his personal, health, and safety needs. (Tr. 215). Dr. Gullapalli further indicated that W.D. suffered a marked limitation in his ability to maintain a healthy emotional state, including the ability to appropriately satisfy his emotional wants and needs, and to cope with stress and changes in the environment. *Id.* These findings track the considerations in the "caring for yourself" domain. 20 C.F.R. § 416.926a(k). Dr. Gullapalli was also of the apparent belief that W.D.'s limitations arise from treatable, medically determinable conditions.

---

[4] Dr. Felkins is a board-certified general and child psychiatrist in Austin, Texas. (Tr. 244-244A).

[5] Interestingly, the medical description of Conduct Disorder states that parental rejection and neglect are potential precipitating factors. *See*, *Diagnostic and Statistical Manual of Mental Disorders*, Fourth Edition DSM-IV, p. 96. Similarly, ADHD contemplates a possible history of child abuse or neglect. *Id.* at pg. 88. Whether W.D.'s conditions would abate if he were placed in a foster home is entirely speculative. (*See*, Tr. 243).

6

(*See*, Tr. 215, 228-237).

In short, the ALJ simply adopted Dr. Felkins' thesis that W.D.'s difficulties stem from his abusive home environment and are not caused by a medically determinable impairment. However, an ALJ may rely on a non-examining physician's assessment only when those findings do not contradict the findings of the examining physician. *Carrier v. Sullivan*, 944 F.2d 243, 246 (5th Cir.1991)(quoted source omitted).[6] The ALJ's conclusion that W.D.'s functional limitations do not arise from his medically determinable impairments is premised upon the opinion of a non-examining physician that is contrary to the treatment efforts of plaintiff's ongoing physician. Accordingly, the ALJ's determination that W.D.'s impairments do not functionally equal a listed impairment is not supported by substantial evidence.

Plaintiff next contends that the ALJ erred in failing to find that W.D.'s impairments meet the severity requirements of Listing 112.04. When determining whether a claimant's injuries meet or medically equal a Listing, the claimant's burden is to provide and identify findings that support all of the criteria for a Step Three impairment determination. *McCuller v. Barnhart*, 72 Fed. Appx. 155, 158 (5th Cir. 2003)(unpubl.); *Selders v. Sullivan*, 914 F.2d 614, 619 (5th Cir. 1990); 20 C.F.R. § 416.926(a). To satisfy this burden, the claimant must show that his impairment "meet[s] all of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify." *Sullivan v. Zebley*, 493 U.S. 521, 530, 110 S.Ct. 885 (1990). If the plaintiff fails to show the specified medical criteria, the

---

[6] Dr. Felkins acknowledged that her assessment of W.D.'s functional limitations was not consistent with the limitations imposed by Dr. Gullapalli. (*See*, Tr. 285-287). She also conceded that W.D.'s treating physician would be a more knowledgeable source concerning his limitations. (Tr. 287).

7

court will find that substantial evidence supports the ALJ's finding that Listings-level impairments are not present. *Selders v. Sullivan*, 914 F.2d at 620. Courts acknowledge that the criteria in the Listings are demanding and stringent. *Falco v. Shalala*, 27 F.3d 160, 162 (5th Cir. 1994).

Listing 112.04 requires *inter alia*, medically documented persistence, either continuous or intermittent, of a major depressive syndrome and at least five of ten documented characteristics. §112.04, Appendix 1 to Subpart P, Social Security Regulations No. 4. In support of her argument, plaintiff cites a checklist completed by Dr. Gullapalli. (Tr. 214). However, Dr. Gullapalli indicated that W.D. exhibited only four out of the ten enumerated characteristics. *Id.*[7] Moreover, Dr. Gullapalli opined that W.D. suffered a single episode of depression, not the requisite continuous or intermittent frequency. (Tr. 236).

Plaintiff's final argument is that the ALJ erred in failing to solicit any objections from her representative before submitting the interrogatories to the medical expert. *See*, HALLEX I-2-5-42(c). However, any such error was rendered harmless by the subsequent hearing permitting claimant's representative to cross-examine the expert. *See, Anderson v. Sullivan*, 887 F.2d 630, 634 (5th Cir. 1989)(citations omitted)(procedural perfection in administrative proceedings is not required where substantial rights of the party have not been affected).

For the foregoing reasons,

**IT IS RECOMMENDED** that the Commissioner's decision to deny supplemental security income benefits be **REVERSED and REMANDED** for further proceedings as set forth herein.

---

[7] The remaining two characteristics indicated by Dr. Gullapalli apply to a diagnosis of manic syndrome. *See*, Listing 112.04A(2).

Under the provisions of 28 U.S.C. §636(b)(1)9(C) and FRCP Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) business days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 24th day of January, 2007.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE