## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## MONROE DIVISION

| | | |
|---|---|---|
| **JACQUELINE SYLVESTER o/b/o W.C.D.** | * | **DOCKET NO. 05-2118** |
| **VERSUS** | * | **JUDGE JAMES** |
| **MICHAEL J. ASTRUE, COMMISSIONER, SOCIAL SECURITY ADMINISTRATION** | * | **MAGISTRATE JUDGE HAYES** |

### REPORT & RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a Petition for Attorney Fees filed by plaintiff, Jaqueline Sylvester on behalf of W.C.D., pursuant to the Equal Access to Justice Act ("EAJA") 28 U.S.C. § 2412. [Doc. # 13]. The motion is unopposed. For reasons stated below, it is recommended that the motion be GRANTED, and that the Commissioner be ordered to pay attorney's fees in the amount of $ 4,237.50 (33.9 hours at $125.00 per hour) plus expenses of $ 105.90 and costs of $ 250.00 to plaintiff's attorney.

The EAJA provides that a court shall award attorney's fees and costs to a prevailing party in a civil action brought against the United States unless the court finds that the position of the government was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). A party who obtains a remand of a social security appeal pursuant to the fourth sentence of § 405(g) qualifies as a prevailing party for purposes of fees under the EAJA. *Breaux v. U.S.D.H.H.S.*, 20 F.3d 1324 (5th Cir. 1994).[1] The prevailing party is entitled to fees unless the government meets its burden of showing that its position was substantially justified or that special circumstances make an award unjust. *Baker v. Bowen*, 839 F.2d 1075, 1080 (5th Cir. 1988). The Commissioner does not oppose the motion, and therefore does not contest that plaintiff is the prevailing party and entitled to an award of EAJA fees. Furthermore, the

---

[1] On February 21, 2007, the District Judge entered a judgment reversing and remanding this case to the Commissioner for further proceedings.

undersigned has reviewed the statement of charges submitted by plaintiff's counsel, and has determined that they are reasonable both in the amount of time spent on the services performed and in the hourly rates sought. Accordingly,

**IT IS RECOMMENDED that the Petition for Attorney Fees be GRANTED in its entirety, and that the Commissioner be ordered to pay attorney fees in the amount of $ 4,237.50 (33.9 hours at $125.00 per hour) plus expenses of $ 105.90 and costs of $ 250.00 to plaintiff's attorney.**

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) business days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 22nd day of May, 2007.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE